THE PEOPLE OF THE STATE OF NEW YORK EX REL.
JAMES GILMORE v. JOHN CALLAHAN, JUSTICE, ETC.

*Justice of District Court in New York — jurisdiction of, over summary proceedings —
when it will not be presumed.*

A justice of a District Court in the city of New York has no jurisdiction in sum-
mary proceedings, to dispossess a tenant under the landlord and tenant act,
unless the premises are situated within his district.

When the return to a *certiorari*, issued to review summary proceedings, does not
show whether or not the premises were situated within the district of the justice
before whom the proceedings were had, the affidavit of the landlord being silent
on that point, and the relator did not appear, but suffered judgment to be
taken against him by default, this court at General Term will not take
judicial notice of the fact that the premises, described in the affidavit only by
street and street number, were not situated within his district and reverse the
proceedings for lack of jurisdiction.

*Quære*, as to the rule where the entire street is embraced within the statutory
boundaries of a district.

CERTIORARI to review summary proceedings under the landlord
and tenant act, had before a justice of a District Court in New
York.

*M. J. Kelly*, for the relator.

*Daniel Seymour*, for the respondents, the Justice and Miller &
Peckham, landlords.

DAVIS, P. J.:

The only question in this case is one of jurisdiction. It was
lately held by this court in the *People ex rel. Hambrecht* v.
*Campbell* (22 Hun, 574) that a justice of a District Court of
this city has no jurisdiction in summary proceedings to dispossess
tenants under the landlord and tenant act unless the premises are
situated within his district. The only question left in this case is
whether the court can take judicial cognizance that the premises
from which the relator was removed (No. 689 First avenue, in the
city of New York) are not in the first judicial district of said city.

The several wards of the city are civil divisions of which courts are to take judicial notice as of the several towns of the State. (*People* v. *Breese*, 7 Cow., 429 ; *Chapman* v. *Wilber*, 6 Hill, 475 ; *Bronson* v. *Gleason*, 7 Barb., 472.)  The judicial districts are also civil divisions created by statute, the boundaries of which are within the supposed judicial knowledge of the courts.  The first judicial district comprises the First, Second, Third and Fifth wards of the city of New York (Laws of 1857, chap. 344), and those wards comprise the territory south of a line drawn from the Hudson river, through Canal street, Broadway, Park row, Spruce, Gold and Perry streets and Peck slip to the East river.  (Davies' Laws of New York, 261.)

There is nothing in the return of the justice, to which alone we are to look for the facts, to show that the First avenue is not within the first judicial district.  It is, of course, within the personal knowledge of the several justices of this court that it is not so situated.  But streets and avenues are not civil divisions created by statute, and their locality, termini, and the numbers of the houses situated thereon are not matters of judicial notice.  It was the business of the relator to have shown distinctly the fact, that the premises from which he was removed are not within the justice's jurisdiction.  In the absence of that fact, in proceedings like this, the maxim of the law which presumes all official acts to be rightfully done until the contrary appears must intervene to uphold judicial proceedings even in inferior courts.

No one, as it seems from the return of the justice, appeared upon the return day of the summons to make any objection to the jurisdiction of the magistrate ; and the fact that the territorial limits of his district did not include the First avenue, or any portion of it, is not brought to our notice in any judicial form whatever.  We are of opinion, therefore, that the proceedings of the justice must be affirmed and the writ dismissed, with costs.

BARRETT, J. :

I concur in the affirmance of this judgment, for the reason that the relator took no objection in the court below to the landlord's affidavit ; nor, in fact, does he except to it even now.

His objection to the jurisdiction proceeds solely upon the fact (which, however, he alleges without proof), that the premises are not

situated within the justice's judicial district. Upon that question I entirely agree with my brother, the presiding justice, that we cannot take judicial notice of street and number. An exception may perhaps be made as to a particular street which is wholly embraced within the boundaries of wards created and defined by statute; for of the latter we can take judicial notice. (*Armstrong* v. *Cummings*, 20 Hun, 313; *The People ex rel. Duchardt* v. *Kelly*, id., 549.)

If the tenant here had appeared and objected to the affidavit, I should have voted for reversal, for, in my judgment, every jurisdictional fact must be stated in the affidavit. Consequently the affidavit should have shown upon its face that the premises were within the first judicial district. And I cannot agree that the ordinary presumption in favor of the regularity of official acts applies to such statutory proceedings as these (where the jurisdiction is special and limited), at least to the extent indicated by the presiding justice. The effect of the rule suggested on that head would be to reverse the order of things, and to require the tenant to furnish the justice with proof of his want of jurisdiction.

BRADY, J., concurred.

Proceedings affirmed; writ dismissed with costs.